UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACEY ALEXANDER VINSON,

    Plaintiff,

v.

FNU[1] FAIR et al.,

    Defendants.

Case No. 24-12003
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* [2], PARTIALLY DISMISSING COMPLAINT [1], AND DENYING MOTION TO APPOINT COUNSEL [3]**

Tracey Alexander Vinson alleges that while he was a pre-trial detainee incarcerated at the Washtenaw County Jail he was physical assaulted by Corrections Officer FNU Fair, denied medical attention by "all health care staff," and, for a six-month period, deprived of food or given only rotten food. (ECF No. 1.) He asserts that the assault and denial of medical attention led to internal bleeding and swelling of his brain and "a spinal condition called cervical lordosis." So he brought this *pro se* civil rights action under 42 U.S.C. § 1983 against Fair, Corrections Officer FNU McGuire, Sergeants FNU Burris and FNU Lucidi, and "health care staff" for violations of his Fourteenth Amendment rights. He also filed a motion to proceed without prepayment of the filing fee (ECF No. 2) and a motion to appoint counsel (ECF No. 3).

---

[1] First name unknown

For the reasons below, the Court GRANTS Vinson's application to proceed *in forma pauperis*, DENIES his motion to appoint counsel, and DISMISSES WITHOUT PREJUDICE Defendants McGuire, Burris, Lucidi, and health care staff. Vinson's Fourteenth Amendment claim against Defendant Fair in his individual capacity may proceed.

I.

Along with his complaint, Vinson filed a motion to proceed without prepayment of the filing fee. (ECF No. 2.) The Court has reviewed Vinson's application and finds that he demonstrated the required showing of indigence. *See* 28 U.S.C. § 1915(a)(1).

When a Court grants an application under 28 U.S.C. § 1915, it has an additional responsibility: screen the complaint and decide whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). In deciding whether a complaint states a claim upon which relief may be granted, the Court must determine whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A *pro se* litigant's complaint is to be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But that leniency is "not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL

2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). A complaint must "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must assume a plaintiff's factual allegations are true, but it is not required to accept as true allegations that are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer*, 325 F. App'x 427, 430 (6th Cir. 2009) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Nor may the Court "conjure up unpleaded facts to support conclusory allegations." *Williams*, 2022 WL 2966395, at *2 (quoting *Perry v. UPS*, 90 F. App'x 860, 861 (6th Cir. 2004)).

## II.

At this stage, the Court accepts as true all of Vinson's well-pled factual allegations and presents them as such below. *See Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017). Vinson is no longer incarcerated, but the events underlying his complaint occurred while he was confined at the Washtenaw County Jail.

According to Vinson, on April 26, 2023, he was assaulted by Defendant Fair. (ECF No. 1, PageID.6.) He asserts that he was in hand and leg restraints at the time, kneeling on his bed so that Defendants Burris, McGuire, and Lucidi could remove his restraints (*id*. at PageID.5, 7), when Defendant Fair "grabbed [him] and threw [him] into the metal frame of the bed causing [him] to hit [his] on the metal frame" (*id*. at PageID.7). Vinson says that "health care staff" denied his requests to go to the hospital (*id*. at PageID.7–8), "jail staff deprived [him] of[] food, gave [him] rotten food[,] and forced [him] to live in unsanitary conditions" for the next six months (*id*.

at PageID.7), and "the officers deprived [him] of food so [he] couldn't recover from the head injury from the assault" (*id.* at PageID.4).

Vinson seeks compensatory and punitive damages "to help [him] pay for extensive rehab and therapy." (*Id.* at PageID.8.) He asserts that he suffered "internal swelling and bleeding inside [his] brain" (*id.* at PageID.7), "black[s] out in [his sleep] and stopped breathing on a regular basis in [his] sleep," and "was diagnosed with a spinal condition called cervical lordosis from the trauma caused by the officer's assault" (*id.* at PageID.8). He sues Fair in his individual and official capacities and Burris, McGuire, Lucidi, and health care staff in their official capacities only. (*Id.* at PageID.2–3.)

### III. Dismissal of Burris, McGuire, and Lucidi

It is a basic pleading requirement that a plaintiff must attribute factual allegations to particular defendants. Each defendant must have "fair notice" of the claim against him and "the grounds upon which it rests." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, when a person is named as a defendant without an allegation of specific misconduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x. 188, 190 (6th Cir. 2004) (dismissing *pro se* complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing *pro se* complaint where plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged

4

violations of his federal rights"); *see also Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) ("[The Sixth Circuit] has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002))).

Vinson named Corrections Officer McGuire and Sergeants Burris and Lucidi as defendants without alleging any facts about how they violated his rights. He alleges only that these defendants were present in Vinson's cell at the time of the assault. "As a general rule, mere presence at the scene of a [constitutional violation], without a showing of direct responsibility for the action, will not subject an officer to liability." *Fazica v. Jordan*, 926 F.3d 283, 289 (6th Cir. 2019) (quoting *Ghandi v. Police Dep't of Detroit*, 747 F.2d 338, 352 (6th Cir. 1984)).

Therefore, Defendants Burris, McGuire, and Lucidi are dismissed from this case.

### IV. Dismissal of "Health Care Staff"

Vinson alleges that "health care staff" and "[t]he health care department" denied him medical care or failed to treat his injuries.

But "[c]ollective liability, *i.e.*, when claims are brought against persons such as 'medical staff,' is not permitted under § 1983." *Anderson v. Bonner*, No. 20-02437, 2021 WL 1233523, at *5 (W.D. Tenn. Apr. 1, 2021). Likewise, "[a] group of people, such as 'medical staff,' is not a 'person' subject to suit pursuant to § 1983." *Id.* (citing

5

*Arty v. Wilson Cnty. Jail*, No. 19-0309, 2019 WL 4748321, at *2 (M.D. Tenn. Sept. 30, 2019)); *see also Hix v. Tenn. Dep't of Corr.,* 196 F. App'x 350, 356 (6th Cir. 2006) ("[W]e conclude that the defendant medical departments are not 'persons' under § 1983 . . . ."); *accord Connor v. Hurley*, No. 00-8354, 2004 WL 885828, at *3 (S.D.N.Y. Apr. 26, 2004) (holding that defendants identified as "Green Haven Correctional Facility (Medical Staff)" and "Green Haven Correctional Facility (Administration)" are not "persons" subject to suit under § 1983).

Because Vinson does not identify any specific staff members or any other individuals responsible for the alleged failure to treat, and because "health care staff" is not a person who can be sued for alleged civil rights violations, these claims must be dismissed.

## V. Dismissal of Official-Capacity Claim Against Fair

So the only remaining defendant is Fair. Vinson sues Fair in both his official and individual capacities. Only Vinson's damages claim against Fair in his individual capacity may proceed.

"Although an action against a defendant in his or her individual capacity intends to impose liability on the specified individual, an action against the same defendant in his or her official capacity intends to impose liability only on the entity that they represent." *Lawson v. Davids*, No. 23-776, 2024 U.S. Dist. LEXIS 38937, at *27 (W.D. Mich. Mar. 6, 2024) (citing *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). So by suing Defendant Fair in his official capacity,

6

Vinson has effectively sued Washtenaw County itself.[2] *See Will*, 491 U.S. at 70–71; *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002). But Washtenaw County cannot be held responsible under § 1983 merely because it employs a "wrongdoer." *Watson*, 40 F. App'x at 89; *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978). It is well established that "local governments are responsible only for 'their *own* illegal acts.' They are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (citations omitted).

Instead, for municipal liability to attach, Vinson must "specify a governmental policy or custom from which his injuries flowed." *Brown v. Cuyahoga County*, 517 F. App'x 431, 436 (6th Cir. 2013). Vinson has not done so. He does not allege, for example, that Washtenaw County had an unconstitutional policy or custom requiring unconstitutional conduct by jail officials or that Fair's action or inaction resulted from a policy or custom approved by the county. Nor does he appear to intend to hold the county itself liable; his complaint asserts constitutional violations by Fair himself and simply names Fair in both his individual and official capacities.

So Vinson's official-capacity damages claim against Defendant Fair must be dismissed. Only his damages claim against Fair in his personal capacity remains.

---

[2] To the extent Vinson intends to sue the jail itself, the Washtenaw County Jail is not a "person" susceptible to suit under § 1983. *Watson*, 40 F. App'x at 89.

7

**VI. Motion to Appoint Counsel**

Vinson also filed a motion to appoint counsel. (ECF No. 3.) He asserts that he needs counsel because he is indigent and his case is complicated. (*Id*. at PageID.18.) The Court declines to appoint counsel at this time.

"Appointment of counsel in a civil case is not a constitutional right." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Instead, the decision to appoint counsel is within the discretion of the court. *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). And it is "the rare civil case in which a court must provide a party an attorney, and only 'exceptional circumstances' require deviating from this rule." *See Cavin v. Mich. Dep't of Corr.*, 927 F.3d 455, 461 (6th Cir. 2019) (citing *Lavado*, 992 F.2d at 606).

This is not an extraordinary case requiring the appointment of counsel. For one, "indigence alone . . . is not an exceptional circumstance." *Buchanan v. Lee*, 618 F. Supp. 3d 707, 712 (M.D. Tenn. 2022). Moreover, especially condensed down to one claim against one defendant, the Court does not believe that this case is so complex that it is beyond Vinson's abilities. *Cf. Johnson v. Gentry*, No. 17-01671, 2021 WL 9409168, at *2 (D. Nev. July 7, 2021) (determining that the plaintiff's Eighth Amendment excessive force claims, Eighth Amendment deliberate indifference to medical needs, and Eighth Amendment conditions of confinement claims were not complex).

It is also "generally the practice of this Court to defer any attempt to obtain counsel for *pro se* civil rights Plaintiffs until after motions to dismiss or motions for

8

summary judgment have been denied," i.e., until later in the case. *Bradley v. Smith*, No. 22-11457, 2024 WL 4179154, at *2 (E.D. Mich. May 24, 2024) (citation omitted). Here, the defendant has not yet been served, let alone filed any dispositive motions. Vinson's request for counsel is thus premature and may be raised again later if warranted.

### VII. Conclusion

For the reasons given, the Court ORDERS that Vinson's application for leave to proceed in forma pauperis (ECF No. 2) is GRANTED. The Court accepts the filed complaint and will not require prepayment of the filing fee.

The Court further DISMISSES WITHOUT PREJUDICE Defendants Burris, McGuire, Lucidi, and "health care staff." Only Vinson's claim against Defendant Fair in his individual capacity survives screening.

Finally, the Court DENIES Vinson's motion to appoint counsel (ECF No. 3).

SO ORDERED.

Dated: October 7, 2024

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE